761 So.2d 574 (1999)
STATE of Louisiana
v.
Mark JEFF.
No. 99 KW 1876.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
Rehearing Denied February 10, 2000.
*575 Doug Moreau, District Attorney, John Sinquefield and Brenda O'Neal, Assistant District Attorneys, Counsel for Relator, State of Louisiana.
Frederick Kroenke, Wendell Woods, John DiGiulio, and Anthony Bertucci, Baton Rouge, Counsel for Respondent, Mark Jeff.
Before: SHORTESS, PARRO, and KUHN, JJ.
PER CURIAM.
Mark Jeff is indicted with first degree murder, and the state is seeking the death penalty. The court appointed Frederick Kroenke and Wendell Woods to represent defendant. Defendant filed a "motion to stay all proceedings and to ensure adequate resources for a competent defense."[1] *576 The motion alleged no funds are available to pay defendant's court-appointed attorneys or defense experts, and there is no expectation funds will become available. The motion asked the district court to set an evidentiary hearing, stay all proceedings until the mandates of the jurisprudence have been met, determine a source of funding, set an hourly fee that will reimburse counsel for out-of-pocket overhead expenses, as well as provide compensation for the time committed to the case, and ensure that other costs necessary for an effective defense are properly covered.
At the hearing held on the motion, the director of the Louisiana Indigent Defense Assistance Board (LIDAB) testified that his agency is a supplemental funding source for indigent defense. LIDAB has been on a "stand still budget" since 1995-1996, and the agency has no funds to pay the attorneys or expenses in this case. The director of the Office of the Public Defender for the 19th Judicial District Court testified that funding for his office decreased by $350,000 in 1998 because fewer traffic tickets were written in Baton Rouge. At the time of the hearing, his office had four unfilled positions in its own staff of attorneys, was about $290,000 behind in making payments to private attorneys who had been appointed to represent indigents, and had no funds to pay the attorneys or expert expenses in this case.
After the hearing, the district court determined the Office of the Public Defender and LIDAB have no funds to pay defendant's attorneys or expenses. The court granted the request to stay the proceedings and ordered defense counsel to contact the state and city/parish governments to determine if any funds were available. The court said it also would attempt to locate a source of funding. The state gave notice of its intent to file a writ application, and the court granted the state's request to stay the effect of the court's ruling, pending a ruling on the state's writ application.
In this writ application, the state seeks review of the court's decision to stay the proceedings. The state agrees defendant's attorneys have the right to receive payment for their services, but the state believes the court erred when it granted a stay because defendant failed to establish ineffective assistance of counsel. The state maintains the controversy is a contract dispute between the appointed defense attorneys and the local indigent defender board.
La. Const. art. I, § 13, guarantees an accused the right of assistance of counsel at each stage of the proceedings. If the accused is indigent and is charged with an offense punishable by imprisonment, he is entitled to assistance of counsel appointed by the court. Such counsel must be reasonably effective. State v. Peart, 621 So.2d 780, 783 (La.1993).
In issuing its ruling, the district court determined that, because there were no funds to pay the attorneys for their legal services and no funds to pay expert expenses, continuation of the case would "violate the defendant's right to proceed with effective assistance of counsel." This determination falls short of an actual finding of ineffective assistance of counsel. Moreover, the evidence presented at the hearing did not prove defendant's attorneys have been ineffective, and the evidence did not support application of a rebuttable presumption of ineffective assistance of counsel. See Peart, 621 So.2d at 791. Thus, defendant is not entitled to a stay on the ground of ineffective assistance of counsel.
In his opposition to the writ, defendant says the only other option available to the district court, other than granting a stay, is for the court to allow the prosecution to proceed without any defense funds. Because *577 his attorneys are entitled to be paid under State v. Wigley, 624 So.2d 425 (La. 1993), defendant claims a stay is the only proper remedy. Although the attorneys are entitled to reimbursement for reasonable out-of-pocket expenses and overhead costs, we find the granting of a stay in this case was premature.
The Supreme Court held in Wigley that, in order to be reasonable and not oppressive, any assignment of counsel to defend an indigent defendant must provide for reimbursement to the assigned attorney of properly incurred and reasonable out-of-pocket expenses and overhead costs. A fee for services need not be paid, as long as the time the attorney must devote to cases for which he does not receive a fee does not reach unreasonable levels. Before appointing counsel to represent an indigent, the district court has the responsibility to determine that funds sufficient to cover the anticipated expenses and overhead are likely to be available to reimburse counsel. If the district court determines funds are not available to reimburse appointed counsel, it should not appoint members of the private bar to represent indigents. Wigley, 624 So.2d at 429.
In Wigley, the Supreme Court instructed the district court to order payment for private attorneys from "such funds as are available." 624 So.2d at 430. The Court recognized that the sources of funds from which appointed counsel may be reimbursed are limited, and that a decision by the district court to not appoint members of the private bar might impair the functioning of the indigent defense system. 624 So.2d at 429. At the time of Wigley, district courts had the option of ordering the local government or the criminal court fund to provide the funds. See State v. Craig, 93-2515 (La.5/23/94), 637 So.2d 437. The Supreme Court has since recognized that, with amendments to La. R.S. 15:304 and 15:571.11, those options are no longer available, and it "remains to be seen" if the funds provided to LIDAB are adequate to provide for indigent defense. See State v. Touchet, 93-2839 (La.9/6/94), 642 So.2d 1213, 1221 n. 4.
Following the granting of the stay in the instant case, defendant filed under seal a motion for funds for expert assistance, seeking financial assistance to hire an investigator, social worker/mitigation expert, psychologist, "and other experts." Part of the state's obligation in providing effective assistance of counsel to an indigent defendant is the obligation to provide the indigent defendant's attorney with the "basic tools of an adequate defense," at no cost to the indigent defendant. State v. Jones, 97-2593 (La.3/4/98), 707 So.2d 975, 977; Touchet, 642 So.2d at 1215. For an indigent defendant to be granted the services of an expert at the expense of the state, he must establish that there exists a reasonable probability both that an expert would be of assistance to the defense and that the denial of expert assistance would result in a fundamentally unfair trial. To meet this standard, a defendant must ordinarily establish, with a reasonable degree of specificity, that the assistance is required to answer a substantial issue or question that is raised by the prosecution's case or to support a critical element of the defense. If the trial court finds the indigent defendant is able to meet this standard, it is to authorize the hiring of the expert at the expense of the state. Touchet, 642 So.2d at 1216.
In Touchet, the Supreme Court summarized the procedural requirements for a defense request for expert fees:
To recapitulate our holding in this case, an indigent defendant may file a motion for expert funding ex parte. Notice of the filing of the motion should be given to the state, which may file an opposition to the hearing being held ex parte and/or to the request for funding. The trial court should first determine, in camera, either on the face of the allegations of the motion or upon taking evidence at an ex parte hearing, whether *578 the defendant would be prejudiced by a disclosure of his defense at a contradictory hearing. If so, then the hearing on expert funding should continue ex parte. If not, then the hearing should be held contradictorily with the District Attorney. If either side seeks appellate review of a ruling as to the ex parte nature of the hearing, the motion and other proceedings to this point should remain under seal until the appellate review is completed, and thereafter if the ruling is in favor of an ex parte hearing.
At the hearing on expert funding, whether ex parte or contradictory, the defendant must first show a need for the funding. The defendant must show with a reasonable degree of specificity what type of expert is needed and for what purpose. In other words, the indigent defendant requesting governmental funding for the securing of expert assistance must show that it is more likely than not that the expert assistance will be required to answer a serious issue or question raised by the prosecution's or defense's theory of the case. If the defendant meets this burden, then the court is to order that the funds be provided by the state. If the defendant fails to meet this burden, and the proceedings were held ex parte, both the written reasons for denial and the record of the proceedings are to remain under seal during the pendency of the defendant's prosecution, including appellate review.
Touchet, 642 So.2d at 1221-22 (footnote omitted).
After holding an ex parte hearing on the motion for funds for expert assistance, the court in this case determined that, except for one sentence, the motion for funds would be made public. The court also ordered that the affidavits of the investigator, social worker, and psychologist would be made public. Apparently, the court did not believe the defense would be prejudiced by disclosure of the affidavits and the request to hire these three experts. However, the court did not hold a contradictory hearing with the district attorney and there is no indication the defense established its need for the experts, as required by Touchet.
From the testimony introduced at the hearing and the documentation provided to the court in this writ application, it does not appear there are funds available to pay the attorneys or defense expenses. However, a stay is not the appropriate remedy. Accordingly, the stay issued on April 26, 1999 and included in the court's written order of May 12, 1999 is lifted. This matter is remanded for the district court to give defendant's appointed attorneys the opportunity to file a motion to withdraw as counsel. If the attorneys file such a motion, the possibility of nonpayment of the attorneys' fee for services is not sufficient grounds for granting a request by the attorneys to withdraw. See Wigley, 624 So.2d at 429. In considering such a motion to withdraw as counsel, the court shall hold a contradictory hearing. At the hearing, the court shall require participation by the Office of the Public Defender, and the court shall resolve all conflict of interest issues. Further, the ruling by the district court of June 2, 1999 on defendant's motion for funds for expert assistance is vacated, and the district court is ordered to hold a meaningful contradictory hearing on the motion as provided by law. See Touchet, 642 So.2d at 1221-22.
WRIT GRANTED.
REHEARING DENIED. Mark Jeff seeks a rehearing on the ground this court, when it granted the state's writ application, did not consider testimony introduced in the George Burris case in the district court. George Burris is separately indicted for the same crime as Jeff, and he is not a party in the instant writ application. The hearing in the Burris case was held months after the ruling at issue in this writ application. In considering a writ application, this court considers only those *579 pleadings and transcripts from the case under consideration that are attached to the writ application or submitted in opposition to the writ application. Evidence introduced in another case, even if for the same legal issue, is not relevant unless both sides stipulate in the current case to introduction of that evidence. In any event, the testimony introduced at the hearing in the Burris case does not warrant a different ruling by this court.
NOTES
[1] John DiGiulio and Anthony Bertucci represented defendant on the motion and at the hearing held on the motion.